**Roger L. (Bucky) MOORE, and all others similarly situated, Plaintiff–Appellant,**

v.

**DISTRICT OF KANSAS BROTHERHOOD OF LOCOMOTIVE ENGINEERS; Union Pacific Railroad Company, Defendants–Appellees.**

No. 00–3219.

United States Court of Appeals, Tenth Circuit.

July 5, 2001.

Before TACHA, Chief Judge, REAVLEY *, and LUCERO, Circuit Judges.

### ORDER AND JUDGMENT **

REAVLEY, Circuit Judge.

Plaintiff-appellant Roger Moore appeals from summary judgment against his claims that his collective bargaining representative (Brotherhood of Locomotive Engineers) and his employer (Union Pacific Railroad) colluded to violate his rights to fair representation and his rights under the union constitution. The district court concluded that it lacked jurisdiction for several reasons and that Moore's fair-representation claim is barred by the union membership's ratification of the implementing agreement between Brotherhood and Union Pacific. The court also stated that the defendants would be entitled to summary judgment. We affirm for the following reason.

Moore has presented no evidence beyond the union agreement itself in support of his fair-representation claim or his claim to seniority rights. Likewise, he has offered no evidence that Union Pacific acted inappropriately. Therefore, his fair-representation claim fails. For the same rea-

son, no violation of the union constitution is presented.

However, our holding does not preclude a claim that the collective bargaining agreements were unfair to Moore or suggest any decision as to whether that claim could be arbitrable under the *New York Dock* conditions,[1] or before the National Railroad Adjustment Board.[2]

AFFIRMED.

---

* Honorable Thomas M. Reavley, United States Senior Circuit Judge for the Fifth Circuit, sitting by designation.

** This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of

orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir.R. 36.3.

1. *See New York Dock Ry. v. United States*, 609 F.2d 83 (2d Cir .1979).

2. *See* 45 U.S.C. § 153, First (i).